THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARYL HOUSTON and JOSE SERRANO,

    Plaintiffs,

v.                                                                                                          Civ. No. 25-1080 SCY/LF

SPEEDWAY LLC, and JOHN DOE SECURITY GUARD,

    Defendants.

### ORDER DENYING MOTION TO AMEND WITHOUT PREJUDICE

    Plaintiffs filed this Motion For Leave To File First Amended Complaint seeking leave of Court to add a defendant to this case, Single Source Security, LLC d/b/a Protos Security. Doc. 18. Defendant Speedway LLC takes no position on the motion. *Id.* at 1. The Court denies the motion without prejudice to refiling for two reasons: (1) Plaintiffs do not indicate whether the addition of this defendant would destroy diversity jurisdiction;[1] and (2) in asserting good cause to justify an amendment, Plaintiffs do not sufficiently address the factor of diligence.

    A.    <u>Diversity Jurisdiction</u>

    Neither Plaintiffs' motion nor the proposed amended complaint set forth the citizenship of Single Source Security, LLC d/b/a Protos Security. As a limited liability company (LLC), its citizenship is different from the citizenship of a corporation. An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons). Plaintiffs' proposed amended complaint does not provide any

---

[1] Defendant Speedway LLC originally removed this case from state court to federal court based on diversity jurisdiction. Doc. 1 ¶ 5.

information as to the identity or citizenship of Single Source Security's members.

When a motion to amend is filed seeking to add a defendant that would destroy diversity, the legal standard changes. Such a motion to amend is governed not by Federal Rule of Civil Procedure 15, but by 28 U.S.C. § 1447(e). *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Section 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). The Tenth Circuit instructs that:

> Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court.

*McPhail*, 529 F.3d at 951-52.

Plaintiffs' motion to amend addresses only Federal Rule of Civil Procedure 15. Doc. 18 at 2. The Court lacks sufficient information to determine whether Rule 15 or § 1447(e) supplies the relevant legal standard in this case. Therefore, the Court denies the motion to amend without prejudice to a refiling that addresses this issue.

B.  <u>Diligence</u>

If the motion to amend is governed by Rule 15, Plaintiffs' showing is insufficient under that rule. Under this rule, a plaintiff may amend his complaint once as a matter of course, after which the plaintiff must obtain consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a). A court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, because Plaintiffs filed the motion to amend after the deadline for amendments set

in the scheduling order, Plaintiffs may only amend their complaint if they demonstrate good cause for filing the motion after the deadline. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

The standard for good cause in the Rule 16 context is whether "scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alterations omitted). Courts have found that good cause does not exist in circumstances of unexplained delay or access to "new" discovery information months before a motion to amend is brought. *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 990-91 (10th Cir. 2019); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020-21 (10th Cir. 2018).

Plaintiffs explain that they learned about the involvement of Single Source Security when they received Defendant Speedway's initial disclosures on November 25, 2025. Doc. 18 at 2. The deadline to amend pleadings in the scheduling order was January 5, 2026. Doc. 16 at 1. Plaintiffs did not file the present motion until February 1, 2026. Doc. 18. Plaintiffs do not explain why the period of over a month between the initial disclosures and the expiration of the scheduling order deadline was insufficient to prepare and file this motion. Nor do Plaintiffs explain why it took Plaintiffs nearly another month after the expiration of the deadline to file this motion. In the absence of any explanations at all, the Court cannot find that Plaintiffs have established diligence. Therefore, the Court denies the motion without prejudice to a refiling which sets forth such explanations.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE