**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARYL HOUSTON, et al.,

Plaintiffs,

v. Case No.: 25cv1080 SCY/JFR

SPEEDWAY LLC,

Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**

Before the Court is Defendant Speedway LLC's ("Speedway") Motion to Dismiss Claims Brought by Plaintiff Jose Serrano. Doc. 48. According to his counsel, Serrano has been unreachable since he explained he could not attend his scheduled deposition on May 27, 2026. Since this time—and despite Serrano's absence—the parties engaged in discovery and proceeded to settle Plaintiff Daryl Houston's claims with Speedway. Serrano's claims, however, remain.

Speedway contends that because Serrano ultimately failed to appear for two depositions and the case deadlines have long passed, his claims should be dismissed with prejudice. Speedway asserts that it has incurred increased fees and costs as a result of Serrano's failure to appear and prosecute his claims. Plaintiffs, for their part, urge the Court to consider lesser sanctions despite the prejudice Serrano caused by failing to appear at his depositions. The Court finds the *Ehrenhaus* factors weigh heavily in favor of dismissing Serrano's claims and therefore grants Speedway's motion to dismiss.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint in state court on July 14, 2025, after Houston and his son, Serrano, were shot by an individual at a gas station operated by Speedway in Albuquerque, New

Mexico. Doc. 1-1 at 2 ¶ 2, 6-8. Plaintiffs made five claims, including negligence (Count I), negligent hiring, training, and supervision (Count II), premises liability (Count III), negligent infliction of emotional distress (Count IV), and punitive damages (Count V). *Id.* at 3. Speedway removed this action on October 30, 2025, Doc. 1, and the parties began conducting discovery, Doc. 16 (scheduling order). Serrano twice failed to appear for his deposition, on both May 27 and August 7, 2026.

On June 10, 2026, counsel for Plaintiffs filed an Unopposed Motion to Withdraw as Counsel for Plaintiff Jose Serrano. Doc. 36. On June 25, 2026, this Court denied Plaintiffs' motion without prejudice, advising counsel that their Motion to Withdraw contained several deficiencies. Doc. 37. Counsel did not refile a motion to withdraw to remedy their failure to comply with Local Rule 83.8(a) and (b).[1]

Speedway filed a motion to dismiss for discovery sanctions on June 30, 2026 as to Houston's claims, Doc. 38, and filed a motion to dismiss Serrano's claims on August 10, 2026, Doc. 48. Speedway also filed a flurry of motions on September 14, 2026, including a motion to exclude Plaintiffs' expert witness (Doc. 59), and four partial motions for summary judgment (Docs. 60, 61, 62, 63).

Meanwhile, on August 21, the Court issued an Order Setting Settlement Conference, instructing all parties to appear for a settlement conference on September 23, 2026. Doc. 52. On

[1] Plaintiffs refer to their motion to withdraw as "pending," Doc. 74 at 3; Doc. 74-1 at 1 ¶ 3. However, the Court, in its Order denying the motion, explained that, because Plaintiffs' motion contained several deficiencies, it was "den[ying] [the motion] without prejudice." Doc. 37 at 1. Having identified deficiencies in the motion and having denied the motion without prejudice to refiling, the Court no longer considered it pending once it entered its Order. Further, because Plaintiffs acknowledged the Court denied the motion without prejudice, Doc. 53 at 2; Doc. 53-1 at 2 ¶ 8, the Court assumed Plaintiffs' counsel would address the deficiencies and file another motion if it continued to seek to withdraw.

that date, Speedway and Houston settled their claims. Doc. 68. Serrano, however, failed to appear for the settlement conference. *Id.* Since that time, Plaintiffs filed responses in opposition to Speedway's motion to exclude and partial motions for summary judgment (Docs. 69, 70, 71, 72, 73) and an emergency motion for an extension of time to supplement Plaintiffs' responses to the same. Doc. 74. Plaintiffs also request that this Court promptly consider the "pending Serrano withdrawal motion[,]" amongst other relief. *Id.* at 3.

**DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure permits the court to order sanctions where a party fails to appear for their deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). The court may, for example, dismiss the action or proceeding in whole or in part. Fed. R. Civ. P. 37(d)(3). Additionally, Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss an action or claim against it if a plaintiff fails to prosecute or comply with the Federal Rules or court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, and for failing to comply with court rules or any order of the court.") (internal citations omitted). Given Serrano's repeated failures to appear in this matter, the Court dismisses his case without prejudice.

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*,

497 F.3d 1135, 1144 (10th Cir. 2007) ("[A] district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." (internal quotation marks and citation omitted)). However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Because the incident occurred in 2022, the statute of limitations may have run on some or all of Serrano's potential claims. Doc. 1-1 at 2 ¶ 6 (providing the date of incident as July 15, 2022 for Plaintiffs' negligence claims). Thus, the Court will consider the five *Ehrenhaus* factors that apply to dismissals with prejudice to determine whether a dismissal without prejudice, which may effectively be a dismissal with prejudice due to time-bars, is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice); *see also Smith v. Emerald Corr. Mgmt., LLC*, No. 13-cv-01130 WJ-LAM, 2016 WL 10588078, at *1 (D.N.M. Mar. 7, 2016) ("Although the *Ehrenhaus* factors were originally applied in evaluating failure to comply with discovery orders, 'Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.'") (quoting *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

The five *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal citations omitted). As to the first factor, Serrano failed to appear for his May 27 and

August 7, 2026, depositions and has been non-responsive to his counsel since May. Doc. 48 at 4. Speedway incurred fees and costs in scheduling both depositions. *Id.* Serrano's failure to participate in the depositions also prevented Speedway from learning about his claims and alleged damages before Speedway disclosed its own expert witnesses. *Id.* Plaintiffs forthrightly acknowledge that Speedway's "prejudice is real[.]" Doc. 53 at 4. Serrano's continued non-responsiveness with counsel has also prevented Speedway from engaging in settlement negotiations. Doc. 68 (noting Serrano's absence at the September 23, 2026, settlement conference). Therefore, the first factor weighs heavily in favor of dismissal.

As to the second factor, interference with the judicial process, Serrano's repeated failure to appear—by deposition or at a Court ordered settlement conference—interferes with the Court's ability to effectively resolve the lawsuit he filed. *See Lynn v. Roberts*, No. 01-cv-3422-MLGb 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (failure to follow procedural rules interfered with judicial process because it required the court to spend additional time and expense to produce the order of dismissal). Serrano's lack of attendance also suggests disrespect for the judicial process and the law. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Serrano knew in May 2026 that Speedway would depose him regarding his claims. Doc. 53 at 2-3. Over 100 days later, counsel is still unable to establish contact with Serrano to reschedule this deposition despite numerous attempts. Doc. 53-1 at 1 ¶ 4 (as of August 24, 2026); Doc. 74-1 at 1 ¶ 5 (as of September 28, 2026). Serrano's inability to appear, prosecute his claims, or communicate with his counsel directly interferes with judicial process of efficiently resolving claims. *See Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009) (noting that the second *Ehrenhaus* factor "impacts the court's ability to manage its docket and move forward with the cases before it[.]"). Thus, the second factor also strongly weighs in favor of dismissal.

Regarding the third factor, Serrano's culpability, Serrano is responsible for his failure to communicate with counsel to continue litigating his case. Serrano told counsel—on the day his first deposition was scheduled—that he could not attend for "personal reasons." Doc. 53 at 5. Yet, Serrano also did not attend his re-noticed deposition on August 7, 2026, and did not attend the September 17, 2026, settlement conference. Doc. 48 at 2-3; *see also* D.N.M.LR-Civ. 30.2 ("Failure of a deponent to appear at the time and place designated *may be regarded as a willful failure to appear*[.]" (emphasis added)). Nor did Serrano thereafter maintain contact with counsel so that he could be deposed or otherwise participate in this lawsuit. These facts demonstrate that Serrano's lack of participation in this lawsuit was entirely within his control. Therefore, the third factor strongly weighs in favor of dismissal.

As to factor four, the Court has not expressly warned Serrano that his failure to prosecute his case and participate in discovery would likely result in dismissal. *Cf. Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (affirming dismissal via *Ehrenhaus* factors despite absence of warning as to imminent dismissal). But because Serrano has been entirely nonresponsive to his own counsel since May 2026, any effort to warn him likely would be futile. Serrano has failed to maintain communication with his counsel and it does not appear that Serrano has received any communications from his counsel since May. Thus, any warning the Court might issue, which necessarily would be conveyed by Serrano's counsel, would be unlikely to reach Serrano. Moreover, Serrano has not simply failed to comply with a Court order regarding discovery; he has completely withdrawn from this case. Any reasonable plaintiff who twice fails to appear for deposition, completely cuts off communication with his counsel, and ceases to engage in any aspect of his lawsuit should expect that the lawsuit will be dismissed. Thus, although the Court did not notify Serrano that his failure to participate in this

lawsuit might result in the dismissal of his claims, this is the only conclusion any reasonable person could draw and so this factor does not weigh against dismissal. *Archibeque*, 70 F.3d at 1175.

Finally, the fifth factor, the efficacy of lesser sanctions, weighs in favor of dismissal. Lesser sanctions—such as ordering Serrano to show cause, setting a court-ordered deposition, or staying his claims and reopening discovery—would impose additional costs on Speedway and unnecessarily consume judicial resources. The discovery deadline passed on August 14, 2026. Doc. 16. Discovery motions were due by September 3, 2026, and pretrial motions were due by September 14, 2026. *Id.* Speedway has already incurred fees and costs because of Serrano's failure to appear for his deposition and settlement conference. And because Serrano has apparently been unresponsive to his counsel since May 2026, the Court has no reason to believe another order would produce a different result. *See Arakji v. Hess*, Civil Action No. 15-cv-00681-CMA-MJW, 2016 WL 759177 (D. Colo. Feb. 26, 2016) (dismissing matter, reasoning that "[e]ven if this Court ordered lesser sanctions and asked Defendants to reschedule Plaintiff's deposition, there is no evidence to suggest Plaintiff would attend or otherwise participate in this litigation."). The Court cannot proceed with Serrano's claims if he will not communicate with counsel or participate in discovery. Speedway should not be required to incur additional time and expense while waiting for Serrano to engage in the litigation. Under these circumstances, no lesser sanction would be effective. Accordingly, the *Ehrenhaus* factors weigh in favor of dismissal of Serrano's claims.

## CONCLUSION

Dismissal with prejudice is "an extreme sanction appropriate only in cases of willful misconduct" and should be used "as a weapon of last . . . resort." *Ehrenhaus*, 965 F.2d at 920.

Here, Serrano's continued absence, from two depositions and from the Court-ordered settlement conference, has prejudiced Speedway and has interfered with the effective administration of justice. Serrano's failure to communicate with counsel is solely within his control. Imposing lesser sanctions at this stage of litigation would be futile and only prejudice Speedway further.

**IT IS THEREFORE ORDERED** that Defendant Speedway LLC's Motion to Dismiss Claims Brought by Plaintiff Jose Serrano (Doc. 48) is **GRANTED IN PART** and **DENIED IN PART**. Jose Serrano's claims (Counts I-V) in his complaint (Doc. 1-1) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion for Extension of Time to File Responses as to Docs. 62, 63, 61, and 60 (Doc. 74) is **DENIED** as moot.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE